## NO STATUTORY REQUIREMENT FOR THE FENCING OF INTERURBAN ROADS.

Court of Appeals for Richland County.

C. E. BRINDLE v. CLEVELAND, SOUTHWESTERN & COLUMBUS RAILWAY CO.

Decided, January Term, 1915.

*Railways—Interurban Companies Not Required to Enclose Their Tracks With Fences—Absence of Fence Does Not Render Company Liable for Live Stock Killed.*

The provision of Section 8913, that fences shall be built and maintained on each side of railway tracks, does not apply to electric or interurban roads.

*H. T. Manner*, for plaintiff in error.
*McBride & Wolfe*, contra.

BY THE COURT (SHIELDS and POWELL, JJ.; VOORHEES, J., not sitting).

The petition in error herein seeks a reversal of the judgment of the court of common pleas upon several grounds of error therein, but one ground of error only is insisted upon in this court, and that is that the court below erred in its instruction to the jury, as found upon pages 30 and 31 of the record, and which is as follows:

"Under the laws of Ohio, gentlemen, I will put it now so that you will squarely understand it. We have had a discussion here by counsel as to what the law of Ohio is and, as the court believes it to be, it is the duty of a steam railroad company to construct and maintain fences sufficient so as to prevent stock from leaving the adjoining fields and crossing over on to the right-of-way of the railroad company, and if they neglect

to maintain a reasonably safe fence in that respect and cattle and stock pass over the fence so unreasonably maintained, and stock is injured by coming in contact with cars of the company, the company is liable; but this statute I have referred to has no application to an electric railroad company, under the authorities of this state, so that I will say to you, as a matter of law, that if you find from the evidence here that this is an interurban railroad company and not a steam railroad company, then the plaintiff is not entitled to recover. * * *

"So that if you find that this was an electric railway, notwithstanding that the plaintiff's mule was killed, and that it was killed, if you should so find, by reason of the failure of the electric railway company to maintain its fence, and that it was killed while on the track by the motive power of the defendant company, yet that would not create, under the circumstances of this case, a liability, if this was an interurban railway company."

Upon an examination of the authorities cited in support of the respective contentions of the parties hereto, we are of the opinion that Section 8913 of the General Code does not relate to or include an interurban railroad, and that said court below, therefore, did not commit error in giving to the jury the foregoing instruction.

In support of this holding we cite *Cincinnati, Lawrenceburg & Aurora Electric Street R. R. Co.* v. *Lohe, Admr.,* 68 O. S., 101, which is cited with approval in *Ohio Electric Ry. Co.* v. *Village of Ottowa,* 85 O. S., 229.

The judgment of the court of common pleas will, therefore, be affirmed at the costs of the plaintiff in error.